UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BRYAN BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>Defendant. | No. 2:17-cv-01430-TLN-EFB<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER** |

This matter is before the Court pursuant to Plaintiff's Motion for Temporary Restraining Order ("TRO"). (ECF No. 3.) For the reasons discussed below, Plaintiff's motion is DENIED.

**I. INTRODUCTION**

Plaintiff describes an underlying dispute resulting from a $19,873.00 deposit made into Plaintiff's account at one of Defendant's branch banks in Georgia. (ECF No. 1 at 5.) Plaintiff states that he was at work in California at the time and denies knowledge of the transaction, which Defendant viewed as suspicious and cancelled. (ECF No. 1 at 5.) Plaintiff alleges that his "14th Amendment rights have been trampled on by the [D]efendant in that Plaintiff received no fair procedural process before the bank closed Plaintiff's business checking/savings and refused to return money in the account." (ECF No. 1 at 4.) Plaintiff states that he had $752.73 in his account when Defendant closed it. (ECF No. 1 at 6.) Plaintiff alleges that Defendant submitted Plaintiff's name to "Check Systems" and "shut down" Plaintiff's business. (ECF No. 1 at 4.)

1

On July 11, 2017, Plaintiff filed his TRO requesting that the Court order Defendant to "remove Plaintiff's personal name and business name from Chex Systems, immediately." (ECF No. 3 at 1.) He would like Defendant to return money from his account to him. (ECF No. 3 at 3.)

## II.  LEGAL STANDARD

Eastern District Local Rule 231 governs temporary restraining orders and requires, among other things, that the party seeking the order file the following documents with the Court:

> (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . .; (6) a proposed temporary restraining order with a provision for a bond . . .; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for filing the responsive papers, the amount of the bond, if any, and the date and hour of issuance . . .; and (8) in all instances in which a temporary restraining order is requested <u>ex parte</u>, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow."

L.R. 231(c).

## III.  DISCUSSION

Plaintiff has not filed all of the required items and so has not complied with Local Rule 231. Plaintiff has not filed required items (E)(4)–(7) on the TRO checklist, including affidavits and proposed orders. (ECF No. 4 at 2.) *See Holcomb v. California Bd. of Psychology*, No. 2:15-cv-02154-KJM-CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (indicating the Court had previously denied "plaintiff's motion without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)").

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's motion for a temporary restraining order (ECF No. 3) is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: July 12, 2017

Troy L. Nunley
United States District Judge